**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David Allan Van VELZER, Jr.,**
**Defendant–Appellant.**

No. 02–10148.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2004.*

Decided July 26, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, SILER,** and HAWKINS, Circuit Judges.

### ORDER

Appellant's Petition for Rehearing is GRANTED without further oral argument.

The Memorandum Disposition filed on May 13, 2004 is withdrawn, and a new Memorandum Disposition will be filed contemporaneously with this order. No further petitions for rehearing will be entertained.

### MEMORANDUM ***

David Van Velzer ("Van Velzer") appeals the district court's decision to dismiss his indictment for violations of the Speedy Trial Act ("STA"), 18 U.S.C. §§ 3161–62, without prejudice. He also argues that the trial delay violated his Sixth Amendment right to a speedy trial, and that the district court plainly erred by failing to include aiding and abetting instructions in its instruction to the jury on wire fraud.

■ The district court properly considered the three non-exclusive factors regarding prejudice provided by the STA, 18 U.S.C. § 3162(a)(2). *See United States v. Taylor*, 487 U.S. 326, 337, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988). Van Velzer's crime was clearly serious, the facts and circumstances causing the delay were almost all directly or indirectly attributable to Van Velzer himself, and the impact of reprosecution on the administration of justice or the STA is minimal in light of these precipitating circumstances. *See Taylor*,

---

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

487 U.S. at 337, 108 S.Ct. 2413. The factual findings relied on by the district court in making its STA calculations were also not clearly erroneous. *See United States v. Ramirez–Cortez,* 213 F.3d 1149, 1153 (9th Cir.2000); *United States v. Clymer,* 25 F.3d 824, 829 (9th Cir.1994).

Similarly, a balance of the factors set out in *Barker v. Wingo,* 407 U.S. 514, 533, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), weighs against a Sixth Amendment violation. Particularly, Van Velzer has not demonstrated actual prejudice beyond what he has brought on himself by his conduct in this case. *See id.; see also United States v. Lam,* 251 F.3d 852 (9th Cir.2001).

Nor did the district court plainly err in its instruction to the jury on money laundering and wire fraud-crimes that do not require a separate finding with regard to aiding and abetting. *See, e.g., United States v. Manion,* 339 F.3d 1153, 1156 (9th Cir.2003).

Van Velzer argues that the district court violated his Sixth Amendment rights by sentencing him under a mandatory guidelines regime based on facts not presented to the jury and found beyond a reasonable doubt. *See United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because Van Velzer objected before the district court to such an enhancement, citing *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we review his claim for harmless error. The government concedes that it cannot meet this burden, and that resentencing is therefore required.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.